**Richard STRINGER, Plaintiff–Appellant,**

**v.**

**Mia LIINVE, Remington Investments, Inc., Defendants,**

NYS Supreme Court, Wilshire Credit Corp, Defendants–Appellees.

No. 03–7689.

United States Court of Appeals, Second Circuit.

March 3, 2004.

Richard Stringer, Dexter, NY, for Plaintiff–Appellant, pro se.

Jon P. Devendorf, Hiscock & Barclay, LLP, Syracuse, NY, for Defendant–Appellee Wilshire Credit Corp.

PRESENT: STRAUB, B.D. PARKER, Circuit Judges, and STANTON, District Judge.[*]

### SUMMARY ORDER

Plaintiff–Appellant Richard Stringer appeals from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvory, *Judge*) dismissing Stringer's complaint.

■ Stringer's complaint, filed on August 1, 2002 and amended in September 2002, stems from a foreclosure action, taken by Defendant–Appellee Wilshire Credit Corp. ("Wilshire"), against Stringer's home mortgage. The New York Supreme Court, in Jefferson County, granted summary judgment for Wilshire's foreclosure action in May 1997. Stringer's complaint alleges that Wilshire committed fraud by foreclosing on his mortgage, for which it did not own the note, and by transferring the security agreement for a different mortgage to Stringer's mortgage. The complaint alleges also that Wilshire committed libel by allowing Stringer's mortgage foreclosure to remain open on the

public records, even after Wilshire sold its interest in the mortgage.

In December 2002, Wilshire moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) claiming that Stringer's claims were barred by applicable statutes of limitations or by *res judicata*. In May 2003, the District Court granted Wilshire's motion and dismissed Stringer's complaint. The District Court held that both Stringer's claims were barred by applicable statutes of limitation. The court noted that the foreclosure action that Stringer alleged was fraudulent was commenced on July 11, 1996 and Stringer did not file his original complaint until August 1, 2002. The court concluded that a six-year statute of limitations period began to run when Wilshire filed the foreclosure action that Stringer alleged was fraudulent, and thus Stringer's fraud claim was time-barred. With regard to Stringer's libel claim, the court said that the alleged libelous material was published on June 30, 1998 (the date Wilshire sold its interest in the mortgage), and the statute of limitations on a libel claim was one year from the date of publication. Accordingly, Stringer's libel claim was time-barred as well. The District Court reasoned also that even if Stringer's claims were not time-barred, they were barred by *res judicata* and the *Rooker–Feldman* doctrine. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The court said that Stringer was seeking to relitigate whether the mortgage should have been foreclosed in the prior state court proceeding, and a federal district court had no authority to

[*] The Honorable Louis L. Stanton, United States District Judge for the Southern District of New York, sitting by designation.

review this decision. In addition, the court said that because Stringer already litigated whether the mortgage should have been foreclosed, and a state court issued a final judgment on the merits, Stringer was precluded from raising the fraud claim now.

On appeal, Stringer argues that he is not seeking to overturn the state court decision, but rather is seeking compensation for fraud. Stringer says that the evidence presented by Wilshire in the state court proceeding was fraudulent.

We have considered all of Stringer's arguments and find them to be without merit. We affirm for substantially the reasons stated by the District Court. The judgment of the District Court is hereby AFFIRMED.